

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,925-01

### EX PARTE FELIX ESTRADA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-2928-14-A (1) IN THE 92ND DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to eight years' imprisonment.

Applicant contends that his guilty plea was involuntary. He states that trial counsel induced his guilty plea when counsel "informed [A]pplicant that, in exchange for his guilty plea, the State's attorney would recommend an 8-year sentence and the judge could release him on 'shock' probation in 6 months," but Applicant was not eligible for "shock" probation. According to Applicant, "Based upon that representation, Applicant consented to plead guilty and accept the terms of the State's plea-bargain offer."

Applicant has alleged facts that, if true, might entitle him to relief. *See Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim that his plea was involuntary based on counsel's advice regarding "shock" probation. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 8, 2016
Do not publish